IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.  06-30073 |
| PAUL KINCAID, | ) ) ) | |
| Defendant. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter came before the Court on June 27, 2007, for a bench trial. The Defendant appeared personally and by his attorneys Jon Gray Noll and Daniel Fultz. The Government appeared by Assistant United States Attorney John Childress. The Defendant was charged with production of child pornography in Count 1 of the Indictment (d/e 11), and possession of child pornography in Count 2. 18 U.S.C. §§ 2251(a) & 2252A(a)(5)(B). The Defendant knowingly and voluntarily waived trial by jury; the Government consented to the waiver, and the Court approved the waiver in open court. Minute Entry of June 27, 2007; Waiver of Jury Trial Pursuant to Federal Rule of Criminal Procedure 23 (d/e 32); Waiver of Jury Trial and

1

Stipulation for Bench Trial (d/e 31) (Stipulation); see Fed. R. Crim. P. 23(a), and statements of record June 27, 2007, hearing. The parties then submitted the matter to the Court on a stipulation of facts. Minute Entry of June 27, 2007; Stipulation, at 2. The Court further admonished Defendant, consistent with Rule 11, of the rights he was giving up by entering into a stipulation of facts; Defendant waived his trial rights, finding the Defendant to have made a knowing and voluntary waiver, and accepted the stipulation of facts. The parties then briefed the matter thoroughly. After careful review of the stipulated facts and the submissions of the parties, the Court finds that the Government proved beyond a reasonable doubt that the Defendant is guilty of the crimes charged in both Counts.

## STATEMENT OF FACTS

Based on the stipulation presented, the Court finds the facts as follows: On or about September 2004, in Litchfield, Illinois, in the Central District of Illinois, the Defendant intentionally persuaded a 15 year-old person identified as Victim 6 to engage in sexual intercourse while the Defendant photographed the episode. Stipulation, ¶ 4(r). The Defendant further admitted inducing numerous minors under the age of 18 years to engage in sexually explicit behavior for the purpose of allowing the

Defendant to photograph the behavior. He admitted taking such photographs beginning in the 1960s, and continuing until the time of his arrest in 2006. Id., ¶¶ 4(a)-(v).

In each instance, the Defendant used a Polaroid brand camera to take the photographs. Defendant used a Polaroid camera, serial number DZQEVQ4QCDJA, for approximately eight years to take these photographs. This camera was manufactured in China. The September 2004, pictures of the sexual acts performed by Victim 6 were taken using Polaroid film, serial numbers 010444051 Polaroid @ 32 (5 pictures) (manufactured in Holland); 080334586 Polaroid @ 32 (1 picture) (manufactured in the Netherlands); and 080334566 Polaroid @ 32 (5 pictures) (manufactured in the Netherlands). The Polaroid Company has never manufactured Polaroid film in the United States and has never assembled Polaroid cameras in the United States. Id., ¶¶ 4(r)-(u).

On September 6, 2006, the Defendant agreed to show law enforcement officials his collection of photographs of minors engaged in sexually explicit conduct. Id., ¶¶ 4(h), 4(p)-(w). The photographs were all taken in Litchfield, Illinois. The photographs were taken by the Defendant using his Polaroid camera equipment. The photographs depicted 19 minors,

3

under the age of 18 years, engaged in sexually explicit conduct. The Defendant intentionally induced these minors to engage in sexually explicit conduct for the purpose of taking these photographs. The Defendant then retained possession of the photographs.

## ANALYSIS

Count 1 of the Indictment alleges:

> On or about September 2004, in the Central District of Illinois, the defendant,
>
> **PAUL KINCAID,**
>
> knowingly employed, used, persuaded, induced, enticed and coerced a person under the age of eighteen years, to engage in sexually explicit conduct as defined in Title 18, United States Code, Section 2256(2), for the purpose of producing visual depictions of such conduct, knowing or having reason to know that such visual depictions would be transported in interstate and foreign commerce and mailed, and said visual depictions having been produced using materials that had been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, and said visual depictions having actually been transported in interstate and foreign commerce and mailed.
>
> All in violation of Title 18, United States Code, Section 2251(a).

Indictment (d/e 11), Count One (emphasis in original).

Section 2251(a) states, in part:

> Any person who employs, uses, persuades, induces, entices, or coerces any minor to engage in, or who has a minor assist any other person to engage in . . . any sexually explicit conduct for the purpose of producing any visual depiction of such conduct, shall be punished as provided under subsection (e), . . . if that visual depiction was produced using materials that have been mailed, shipped, or transported in interstate or foreign commerce by any means . . . .

18 U.S.C. § 2251(a). The Defendant violated the statute as alleged in Count 1. He induced minors to engage in sexually explicit conduct for the purpose of producing visual depictions of the conduct. He used a Polaroid camera and film that had been shipped in interstate commerce from foreign countries to Illinois to produce those picture. He is guilty of the crime charged in Count 1 of the Indictment beyond a reasonable doubt.

Count 2 of the Indictment alleges:

> From on or about September 2004, to on or about September 6, 2006, in the Central District of Illinois, the defendant,
>
> **PAUL KINCAID,**
>
> knowingly possessed books, magazines, pictures and other materials containing three or more images of child pornography, as that term is defined in 18 United States Code Section 2256(8), which had been mailed and shipped and transported in interstate and foreign commerce, including by computer, and that were produced using materials that had been mailed and shipped and transported in interstate and foreign commerce, including by computer.

All in violation of Title 18, United States Code, Section 2252A(a)(5)(B).

Indictment, Count Two (emphasis in original).

Section 2252A(a)(5)(B) states, in part:

(a)   Any person who --
. . .

    (5)   either --

       . . .

    (B) knowingly possesses any . . . material that contains the image of child pornography . . . that was produced using materials that have been mailed, or shipped or transported in interstate or foreign commerce by any means, including computer; or
. . .

shall be punished as provided in subsection (b).

18 U.S.C. § 2252A(a)(5)(B). The Defendant violated this statute as alleged in Count 2. He possessed in Litchfield, Illinois, pictures of child pornography that were produced in Litchfield, Illinois, using Polaroid cameras and film that had been shipped in interstate commerce from foreign countries to Illinois. He is guilty of the crime charged in Count 2 beyond a reasonable doubt.

The Defendant argues that the Government has failed to prove the

charges alleged in the Indictment. The Defendant notes that Count 1 alleged that: (a) he produced child pornography using materials shipped in interstate commerce, (b) he knew that the pictures would be transported in interstate commerce, and (c) the pictures were transported in interstate commerce, and Count 2 alleged that: (d) he possessed child pornography produced with materials shipped in interstate commerce, and (e) the pictures were transported in interstate commerce. Kincaid argues that because the allegations were charged in the conjunctive, the Government was required to prove all of the allegations in each Count. He argues that the Government did not prove allegations (b) and (c) in Count 1, and did not prove allegation (e) in Count 2. Therefore, Kincaid argues the Government failed to prove the crimes charged, and he must be acquitted.

Kincaid is incorrect. When an indictment charges several criminal acts in the conjunctive, then proof of any one of the acts charged will support a conviction. Turner v. United States, 396 U.S. 398, 421 (1970). That is what occurred here. Section 2251(a) makes it a crime to produce child pornography: (a) for the purpose of shipping the material in interstate commerce; (b) with materials shipped in interstate commerce; or (c) that is shipped in interstate commerce. The Indictment charged Kincaid with

committing all three alternative methods of violating the statute in the conjunctive. The Government proved beyond a reasonable doubt that Kincaid committed one of the methods charged in Count 1, by producing child pornography using materials shipped in interstate commerce. That proof supports the conviction in Count 1.

Similarly, in Count 2, Section 2252A(a)(5)(B) makes it a crime to possess child pornography that: (a) was shipped in interstate commerce, or (b) was produced using materials shipped in interstate commerce. The Indictment charged both alternative methods of violating the statute. The Government proved beyond a reasonable doubt that Kincaid committed the second method of violating the statute, by possessing child pornography that was produced using materials shipped in interstate commerce. That proof supports the conviction in Count 2.

Kincaid argues that the Indictment was fatally defective because the Indictment alleged the possible methods of violating the statute in the conjunctive. Kincaid argues that because of this defect, he was not put on notice of the crime charged and was prejudiced in preparing his defense. See United States v. Brozyna, 571 F.2d 742, 746 (2nd Cir. 1978) (The indictment must "'inform(s) the defendant of the offense charged with

sufficient clarity so that he will not be misled while preparing his defense.'"). As explained above, an indictment can charge several criminal acts in the conjunctive and still support a conviction even if the evidence only proves one of the acts charged. Turner, 396 U.S. at 421. Thus, the Indictment put Kincaid on notice that the Government could convict him by proving any of the alternative methods of committing the crimes charged in the Indictment. Further, Kincaid stipulated to the facts at trial; he thus knew, before trial, exactly what the Government was going to prove. He was on notice and could have refused to stipulate and devised a defense directed at the specific evidence. He was not misled or prejudiced by the language of the Indictment.

     Kincaid also argues that the variance between the charge and the evidence so prejudiced him that he could not be convicted. A variance arises when the evidence presented proves facts that are materially different from those alleged in the charge. A variance justifies acquittal only if the defendant is prejudiced. United States v. Galiffa, 734 F.2d 306, 311 (7th Cir. 1984). Here, the evidence does not vary from the charge because the evidence relevant to each Count proved a criminal act charged in that Count. The evidence proved that Kincaid knowingly induced minors to

9

engage in sexually explicit acts for the purpose of producing child pornography and that he used materials that had traveled through interstate and foreign commerce to produce the child pornography, as alleged in the Indictment.  The evidence also proved that Kincaid knowingly possessed those photographs.  There was no variance.  Furthermore, there was no prejudice.  Kincaid stipulated to the evidence.  He clearly was on notice of the evidence that the Government intended to present.

Last, Kincaid argues that the Government impermissibly modified the language of the Indictment by only presenting evidence on one of the alternative methods of committing the crimes charged.  The Court again disagrees.  An impermissible modification of an indictment can occur when the indictment fails to allege the elements of the offense charged with sufficient specificity, but the Government attempts to modify the charge by proving those specifics.  See Russell v. United States, 369 U.S. 749, 770-71 (1962).  In such cases, the defendant is prejudiced because he does not have notice of the charge against him, and the Government's subsequent attempt to prove the specifics does not cure the prejudice.  Id.

In this case, the Indictment gave Kincaid sufficient notice.  The Indictment charged specifically that in September 2004, in the Central

District of Illinois, Kincaid knowingly induced a minor under the age of 18 years, to engage in sexual intercourse so that he could photograph the act. The Indictment also alleged that he used materials that had traveled in interstate commerce to photograph this sex act. The Indictment further alleged that Kincaid knowingly possessed photographs so produced from September 2004, to September 6, 2006. The necessary elements were alleged with specificity, and he was on notice. There was no prejudice and no modification of the Indictment.

THEREFORE, the Court finds that the Government has proven beyond a reasonable doubt that Defendant Paul Kincaid committed: (1) the offense of production of child pornography, as charged in Count 1 of the Indictment, in violation of 18 U.S.C. § 2251(a); and (2) the offense of possession of child pornography, as charged in Count 2 of the Indictment, in violation of 18 U.S.C. § 2252A(a)(5)(B). Defendant Paul Kincaid is adjudged guilty of those offenses. Any post-trial motions (other than motions for new trial based on newly-discovered evidence) must be filed within 7 days of the entry of this Opinion. Fed. R. Crim. P. 33(b)(2). The sentencing hearing for Defendant Paul Kincaid is set for March 10, 2007, at 1:30 p.m., subject to the resolution of any post-trial motions. The United

States Probation Office is directed to prepare a presentence investigation report.

IT IS THEREFORE SO ORDERED.

ENTER: October 16, 2007

    FOR THE COURT:

                                  s/ Jeanne E. Scott
                                  JEANNE E. SCOTT
                      UNITED STATES DISTRICT JUDGE