IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 06-30073 |
| ) | |
| PAUL KINCAID, ) | |
| ) | |
| Defendant. ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter came before the Court for sentencing hearing on April 14, 2008. The Defendant appeared personally and by his attorneys Jon Gray Noll and Daniel L. Fultz. The Government appeared by Assistant United States Attorney Patrick Hansen. On June 27, 2007, Defendant Kincaid waived his right to a jury trial, consented to a bench trial, and entered into a stipulation of facts with the Government. The Government also consented to a bench trial. Minute entry entered June 27, 2007; Waiver of Jury Trial and Stipulations (d/e 31) (Stipulation); Waiver of Right to Trial by Jury (d/e 32). After the bench trial, the Court found Defendant Paul Kincaid guilty of Production of Child Pornography, in violation of 18

1

U.S.C. § 2251(a), as alleged in Count 1 of the Indictment (d/e 11), and guilty of Possession of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B), as alleged in Count 2 of the Indictment. <u>Opinion entered October 17, 2007 (d/e 39)</u>; <u>Court Verdict entered October 17, 2007</u>. The United States Probation Office prepared a Revised Presentence Investigation Report (PSR), dated March 27, 2008 (d/e 56).

The Government had no objections to the PSR.

Defense counsel objected to the determination in paragraphs 1-4 and 174 of the PSR that Defendant should not be entitled to a reduction in the offense level for acceptance of responsibility. For reasons stated of record the Court overruled this objection because many of the Defendant's pro se objections were frivolous and demonstrated a lack of acceptance of responsibility. <u>See</u> <u>U.S.S.G.</u> § 3E1.1, <u>Comment note 1(a)</u>. Defense counsel withdrew the Defendant's objections to paragraphs 6, 175, 178 and 217.

The Defendant raised numerous <u>pro se</u> objections to the PSR. Defendant withdrew his objection to paragraph 6 of the PSR, but asserted the remaining objections at sentencing.[1] For reasons stated of record, the

---

[1]In ruling on the pro se objections from the bench, the Court referred to the objections either by: (1) the paragraph in the PSR to which the Defendant objected, or (2) the number assigned to the objection by the Probation Office on pages 46-63 of the

2

Court sustained the objections to paragraphs 17, 18, 21, 33, and 34 of the PSR, finding that the evidence of the victims' ages reflected in these paragraphs was insufficient to meet the burden of proof. After sustaining these objections, the Court found that three individuals identified as victims in these paragraphs were not shown to have been minors at the time of the acts in question. Based on this determination, the Court found that Groups 2, 3, and 6 in Probation Office's calculation of the offense level in paragraphs 66-78, and 93-98 would not be considered in calculating the Guideline offense level.

For the reasons stated of record, the Court overruled the Defendant's objections to paragraphs 16, 19, 20, 23, 25, 26, 32, and 41. These objections also concerned the ages of victims. The Court found that the victims discussed in these paragraphs were injured more recently and their statements contained sufficient detail to demonstrate that their memories of the events were more credible than the Defendant's. The Court found the evidence established these individuals were under the age of 16 years at the time the Defendant used these victims to produce child pornography.

---

PSR. For simplicity, the Court refers to the objections in the Opinion by the paragraph number of the PSR to which the Defendant objected.

For reasons stated of record, the Court overruled in part the objections to paragraph 12 of the PSR. The Defendant possessed an image of a male individual who had semen on his face. The PSR stated in this paragraph that the person depicted in the image was between the ages of 12 and 16 years. Defendant asserted that the person was at least 18 years of age. The Court reviewed the image and found that the person was no older than 16. This part of the objection to paragraph 12 was overruled. Paragraph 12 also asserted that one book in Defendant's possession contained over 200 images of child pornography. Defendant objected, claiming that the book contained no more than 100 images of child pornography. The Court did not rule on this objection because the objection did not affect sentencing. Fed. R. Crim. P. 32(i)(3)(B). The Defendant already stipulated that over 600 images of child pornography were found in his possession when law enforcement officials searched his residence, pursuant to a warrant. Stipulation, ¶4(w).

For reasons stated of record, the Court overruled the objection to paragraph 36 of the PSR. The victim's detailed description of the incident provided sufficient indicia of reliability to show that his version of the events was more credible than the Defendant's testimony.

The Court determined that the Defendant's objections to paragraphs 5, 7-9, 11, 14, 22, 28, 29, 30, 31, 35, 37, 38, 40, 41, and 169 had no bearing on sentencing and so the Court made no finding with respect to these objections. Fed. R. Crim. P. 32(i)( 3)(B).

The Court overruled the Defendant's objections to paragraphs 44 and 48 of the PSR. These paragraphs contained victim impact statements, and these victims were entitled to make the statements. The Defendant may have disputed some assertions within the statements, but he had no basis to object to their inclusion in the PSR.

Finally, the Court sustained in part the Defendant's objection to paragraph 58 of the PSR. This paragraph stated that the Defendant had 13 minor victims. The Court found that the evidence showed the Defendant had at least 10 minor victims. The Defendant had no further objections to the PSR.

Subject to the objections sustained above, the Court adopted the remainder of the findings of the PSR as its own. Accordingly, the Court determined that the Defendant had a final offense level of 46 and was in Criminal History Category I. The resulting sentencing range from the Guideline Sentencing Table was life. U.S.S.G. Ch. 5. Pt. A. The maximum

statutory sentence for Count 1, however, was 30 years, and the maximum sentence for Count 2 was 10 years. 18 U.S.C. §§ 2251(e) & 2252A(b)(2). Thus, the Guideline sentencing range for Count 1 was 30 years, and the Guideline sentencing range for Count 2 was 10 years. U.S.S.G. § 5G1.1(a). The Court noted that the Guidelines were advisory; that it was required to exercise its discretion to determine Defendant Kincaid's sentence; that it was to consider the Guidelines, the statutory sentencing factors, and all other relevant information. United States v. Booker, 543 U.S. 220 (2005); 18 U.S.C. § 3553(a).

THEREFORE, after considering the case file, the evidence presented, the Guidelines, the relevant statutory sentencing factors, the arguments of counsel, the victims' statements, and the statement of Defendant Kincaid, the Court sentenced Defendant Paul Kincaid to a sentence of 30 years on Count 1, and 10 years on Count 2, to run concurrently. Upon his release from prison, the Court ordered Defendant Kincaid to serve a life term of supervised release. No fine was imposed. The Court ordered Defendant to pay restitution of $60,000.00. The Court ordered Defendant Kincaid to pay a $200.00 special assessment which was due immediately. The Court recommended to the Bureau of Prisons that the Defendant be placed in a

facility in which sex offender treatment and counseling would be available and which would be as close to central Illinois as possible.

The Court informed Defendant Kincaid of his right to appeal. The Defendant indicated that he wished to appeal, and the Court directed the Clerk to file a notice of appeal on his behalf. The Court found that Defendant Kincaid was indigent, was entitled to proceed <u>in forma pauperis</u> on appeal, and was entitled to appointed counsel on appeal. The Court directed that a transcript be prepared for Defendant Kincaid to be used for his appeal. Defense counsel's Motion to Withdraw as Attorneys of Record on Appeal (d/e 51) was allowed, subject to counsel's compliance with Circuit Rule 51 with respect to withdrawal on appeal.

IT IS THEREFORE SO ORDERED.

ENTER: April 22, 2008

    FOR THE COURT:

                                      s/ Jeanne E. Scott
                                      JEANNE E. SCOTT
                      UNITED STATES DISTRICT JUDGE