IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,   )   | |
|                              )   | |
| Plaintiff,       )   | |
|                              )   | |
| v.                           )   | No.  06-CR-30073 |
|                              )   | |
| PAUL KINCAID,                )   | |
|                              )   | |
| Defendant,       )   | |
|                              )   | |
| STEVEN R. COLLINS,           )   | |
|                              )   | |
| Third Party Respondent.   )   | |

**REPORT AND RECOMMENDATION**

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

Before the Court is Third Party Respondent Steven R. Collins' Motion to Dismiss (d/e 87) and the Government's Memorandum in Opposition (d/e 88).  It is recommended that the Third Party Respondent's Motion to Dismiss be denied.[1]

Pending herein is a Third Party Citation issued by the United States of America involving Steven R. Collins, Third Party Respondent.  In the underlying criminal case, Defendant Kincaid was sentenced to 360 months

---

[1] The Court is proceeding with a Report and Recommendation as the motion to dismiss is dispositive in nature.

imprisonment followed by supervised release.  U.S. District Judge Scott, the sentencing Judge, also ordered a special assessment of $200 and $60,000 in restitution to the victim.  Scheduled before the undersigned is a Third Party Citation to Discover Assets set June 17, 2009 at 2:00 p.m.

Third Party Respondent's Motion to Dismiss states in rather conclusory fashion that Judge Scott's order of restitution is only effective once the Defendant is placed on supervised release.  Collins argues, therefore, that the Third Party Citation is premature.

The Government counters in its memorandum and sets forth certain statements by the sentencing court that indicates to the undersigned that restitution is not delayed until supervised release begins.  The undersigned also adopts the arguments of the Government's memorandum (d/e 88) and the holding of United States v. Sawyer, cited as controlling herein.

Remember, this is a citation to discover assets of a third party, Steven Collins - assets that the Government believes Defendant Kincaid may have assigned or given to Collins in order to conceal same from the order of restitution.  The citation hearing set June 17, 2009 is merely a hearing to discover whether or not there are assets that could then be subject to a turnover order.  At this time the Court is unaware if any such

"assets" even exist. It would be fundamentally unfair to prevent the Government from conducting the citation hearing involving Collins at this time.

WHEREFORE, IT IS RESPECTFULLY RECOMMENDED that Third Party Respondent Steven R. Collins' Motion to Dismiss (d/e 87) be denied.

The parties are advised that any objection to this Report and Recommendation must be filed in writing with the Clerk of the Court within ten working days after being served with a copy of this Report and Recommendation. See 28 U.S.C. § 636(b)(1). Failure to file a timely objection will constitute a waiver of objections on appeal. <u>Video Views, Inc. v. Studio 21, Ltd.</u>, 797 F.2d 538, 539 (7th Cir. 1986). See Local Rule 72.2.

ENTER:    June 9, 2009

FOR THE COURT:           s/ Byron G. Cudmore
                         _____
                         BYRON G. CUDMORE
                         UNITED STATES MAGISTRATE JUDGE