IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 06-30073 |
| PAUL KINCAID, | ) ) ) | |
| Defendant, | ) ) | |
| STEVEN R. COLLINS, | ) ) ) | |
| Third Party Respondent. | ) ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Third Party Respondent Steven R. Collins' Objection to Text Order Entered 3-4-2010 (d/e 104) (Objection). The Text Order at issue (Text Order) was entered by United States Magistrate Judge Byron G. Cudmore. Upon objection, this Court reviews such orders of the Magistrate Judge to determine whether the orders are clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A). For the reasons set forth below, the Objection is overruled and the Text Order is

1

affirmed.

## BACKGROUND

On October 17, 2007, this Court found Defendant Paul Kincaid guilty of Production of Child Pornography (Count 1) and Possession of Child Pornography (Count 2) after a bench trial. Court Verdict entered October 17, 2007. On April 15, 2008, this Court sentenced Defendant Kincaid to concurrent sentences of 360 months imprisonment on Count 1 and 120 months imprisonment on Count 2, and ordered Defendant Kincaid to pay $60,000.00 in restitution. The conviction and sentence were affirmed on appeal. United States v. Kincaid, 571 F.3d 648 (7th Cir. 2009).

The Government has commenced post-judgment collection activity to collect the restitution. As part of those efforts, the Government served a Citation to Discover Assets on Third Party Respondent Steven R. Collins. Citation to Discover Assets issued February 10, 2009 (d/e 74) (Citation). Hearings were held before Judge Cudmore on the Citation on June 17, 2009, and November 30, 2009. Minute entries entered June 17, 2009, and November 30, 2009. Judge Cudmore granted the Government's motion for further hearing on the Citation at the November 30, 2009, hearing.

On January 20, 2010, the Government filed a Motion for Turnover

Order (d/e 98). The Motion recited that Kincaid and Collins both resided at a residence located at 502 East Union Avenue, Litchfield, Illinois (Residence). The Motion also stated that Kincaid operated a hair salon (Business) at another location, apparently 410 N. Harrison St., Litchfield, Illinois (Business Property). The address of the Business Property is reflected in the documents filed by Collins and discussed below. There was also significant personal property at the Residence and the Business Property. The Government requested additional discovery to determine whether the property was available to satisfy Kincaid's restitution obligation, including whether any of the property could be recovered by voiding any fraudulent transfers. The Government asked for authority to conduct discovery and for 90 to 120 days to complete the discovery to determine the ownership of the Residence, the Business Property, and the personal property at both locations. On March 4, 2010, Judge Cudmore allowed the Government's request in the Text Order. Collins then filed his Objection.

## ANALYSIS

This Court reviews the Text Order to determine whether the decision was clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A). The

Text Order is not clearly erroneous or contrary to law. Kincaid owes restitution in the sum of $60,000.00. The Government is charged with collecting that restitution for the victims of Kincaid's crimes. 18 U.S.C. §§ 3612, 3613, 3664(m). The Government may use all collection methods available under state or federal law to collect civil judgments. 18 U.S.C. §§ 3664(m) & 3613. Illinois collection procedures can be used to collect civil judgments in this Court. Fed. R. Civ. P. 64. Illinois authorizes the citation process to collect judgments. 735 ILCS 5/2-1402. The purpose of the citation process is to discover assets that may be available for collection. Id. In furtherance of that process, Judge Cudmore authorized discovery. This decision was not clearly erroneous.

>   Collins states one basis for his Objection:
>
>   1.   If the Respondent Mr. Collins' Ownership Documents, **EXB.** #(1); (17); (21); (70); (80) had Mr. Collins' & Mr. Kincaid's names reversed it would be a done deal. And a truck would be off loading the contents from the subject property NOW.

Objection, at 1 (emphasis in the original). The documents referenced in the Objection recite or indicate the ownership of certain property. Collins attached the documents as exhibits to his opposition to the Motion for Turnover Order. 3rd Party Respondent Steven R. Collins' Response in

4

Opposition to United States' Motion for Turnover Order (Doc. 98) (d/e 102), attached Exhibits 1, 17, 21, 70, & 80. Collins appears to be arguing that these documents resolve the ownership of the real and personal property at issue. The Court disagrees.

Exhibit 1 is a quitclaim deed to the Residence dated December 30, 1995, in which Kincaid purportedly quitclaimed his interest in the Residence to Collins. The document has no legal description of the property, no acknowledgment, and no evidence that it was ever recorded.

Exhibit 17 is a piece of carbon paper with the imprint of a typed statement, signed by Collins and Kincaid, that Steven Collins was the owner of the Residence and the Business Property on January 2, 1996. The document, again, has no legal description of either property, no acknowledgment, and no evidence of recording.

Exhibit 21 is a document dated August 26, 2005, that recites that in the event Collins becomes incapacitated, he transfers the Residence, the Business Property, and their contents to Kincaid. The document has no legal description of either property, no acknowledgment, and no evidence of recording.

Exhibit 70 is a document entitled Modified Rental Renewal

Agreement dated April 1, 2005.  The document recites that Collins rented the first floor of the Business Property to Kincaid to operate the Business.

Exhibit 80 is a document entitled Property Equity Declaration dated November 10, 1999.  The document recites that Collins, "has 100 percent of the equity and control" of the Residence, the Business Property, and an itemized list of 30 categories of personal property, including all of the equipment used in the Business.  The document has no legal description of either property, no acknowledgment, and no evidence of recording.

These documents only raise questions.  The documents are not witnessed, notarized, acknowledged or recorded, and contain no legal descriptions of the real property purportedly affected by them.  The documents do not recite any consideration for any transfer of property.  The Lease recites the rent to be paid for use of the Business Property, but does not state the consideration paid for the transfer of the Business Property.  Some or all of these transfers of property, or claims of ownership, may not be effective as to third party creditors, such as the Government.  See e.g., 765 ILCS 5/30.  Some or all of these transfers may be voidable as fraudulent transfers or otherwise.  See e.g., 740 ILCS 160/1 et seq.  On the other hand, some or all of the transfers may be completely valid and effective.  The

6

Government asked for additional discovery to resolve these questions. Judge Cudmore allowed the requested discovery. These documents demonstrate that Judge Cudmore's decision was not clearly erroneous.

THEREFORE, Third Party Respondent Steven R. Collins' Objection to Text Order Entered 3-4-2010 (d/e 104) is OVERRULED. The Text Order entered March 4, 2010, is affirmed. Judge Cudmore is directed to set a new schedule for the requested discovery.

IT IS THEREFORE SO ORDERED.

ENTER: March 29, 2010

    FOR THE COURT:

                      s/ Jeanne E. Scott
                      JEANNE E. SCOTT
                      UNITED STATES DISTRICT JUDGE