IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 06-cr-30073 |
| PAUL KINCAID, | ) ) ) | |
| Defendant. | ) | |

## OPINION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on the Motions to Reconsider (d/e 147 & 153) (Motions to Reconsider) filed by Defendant Paul Kincaid and Third Party Respondent Steven R. Collins, and a Motion for Stay (d/e 158) filed by Collins.  On December 19, 2011, this Court issued an Opinion (d/e 144) (Opinion) directing Collins to turnover to the Plaintiff United States of America (Government) half the value of a lawn mower and $23,519.16.  Kincaid and Collins ask the Court to reconsider the monetary judgment.  For the reasons set forth below, the Motions to Reconsider are allowed in part.  The Court modifies the Opinion to direct Collins to turnover $18,019.16 to the Government instead of $23,519.16.  The remainder of the Opinion remains in full force and effect.  The Motion for Stay is denied

as premature. No stay is necessary to present objections to this Opinion before the District Court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Motions for reconsideration, "serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." Caisse Nationale De Credit v. CBI Industries, Inc., 90 F.3d 1264, 1269 (7th Cir. 1996); see Fed. R. Civ. P. 59(e). Kincaid and Collins rehash much of the same arguments they made initially. They also raise matters that should have been raised initially, but were not, and so are waived.

Collins and Kincaid further argue that the Court did not consider their estimates of value as the owners of the property and their statements regarding the condition of the Premises and the value of the Premises. The Court finds that Collins and Kincaid's statements and claims regarding the value of the Premises were self-serving and not credible. The Court will not reconsider the Opinion based on these self-serving claims.

Collins and Kincaid also ask for an evidentiary hearing. This request is also denied as untimely. Collins and Kincaid asked the Court to deny the United States' Renewed Motion for Turnover (d/e 116) without requesting a hearing. See 3rd Party Respondent Steven R. Collins' Response in Opposition to the United States' Renewed Motion for turnover (DOC. # 116) (d/e 119), at 47; Defendant Kincaid's Respone to United States' Response (DOC. # 129) (d/e 142), at 74 The Court had already held two

hearings in 2009 on the original citation proceeding brought against Collins which formed the basis for the Government's turnover request.  <u>See</u> <u>Minute Entries entered June 17, 2009, and November 30, 2009</u>.  Collins and Kincaid were deposed and also produced voluminous records.  These depositions and records provided a thorough basis to decide this matter without an additional hearing.  The request for another hearing is denied as untimely.

Collins and Kincaid, however, are correct that the Court did not address the Montgomery County, Illinois, real estate tax valuation in 2006 of the fair cash value of the property at address of 502 E. Union Avenue, Litchfield, Illinois, (Premises).[1]  The Montgomery County assessment put the fair cash value of the Premises at $83,655.00.  The tax estimate of fair cash value is an estimate of fair market value.  35 ILCS 200/1-50.  The Court should have considered the $83,655.00 estimate in the Opinion.

The Court finds that the $83,655.00 estimate is low in light of the $80,000.00 mortgage loan made in October 2006, secured by the Premises, and the $125,000.00 appraisal.  American Home Mortgage loaned the $80,000.00 to Collins in an arms-length transaction secured by

---

[1]The Premises is located that the corner of Union Avenue and Harrison Street in Litchfield, Illinois.  A second building on the Premises faces Harrison St. and has the address of 410 N. Harrison St.  The Premises includes the entire parcel including both buildings.

a mortgage on the Premises. Lenders in arms-length mortgage transaction typically do not lend over ninety-five percent of the value of the property securing the loan. Thus, the loan transaction indicates that a disinterested lender valued the property significantly higher than the $83,655.00 tax assessment estimate. The $125,000.00 appraisal also supports the inference that the $83,655.00 estimate is significantly low.

    The $83,655.00 estimate, however, is an estimate of value by a disinterested party and provides some indication that the $125,000.00 appraisal is high. The $80,000.00 mortgage loan would be consistent with an arms-length transaction in which the property securing the loan would be worth more than $83,655.00 but less than $125,000.00. After carefully considering all the evidence presented, including both estimates of value and the arms-length transaction, the Court finds that the fair market value of the Premises should be $115,000.00. This valuation reflects both estimates and the arms-length transaction. For the reasons stated in the Opinion, however, the Court finds that even with the reconsidered valuation: (1) Kincaid did not receive reasonably equivalent value in exchange for the transfer of his interest in the Premises to Collins in the September 14, 2006, transaction; and (2) the transfer was a fraudulent transfer pursuant to 28 U.S.C. § 3304(b)(1)(B). See Opinion, at 21-28.

The Court reduces the turnover order to $18,019.16 to reflect the reconsideration of the value of the Premises.

The Government presents additional evidence from the Montgomery County Supervisor of Assessments regarding the value of the Premises. The Government could have presented this evidence in its initial submissions. Collins and Kincaid also submit additional evidence that could have been presented in their original submissions. None of this evidence is newly discovered, and the Court will not consider any of it.

Collins also seeks a stay pending appeal without bond. The request for a stay is denied as premature. This is a dispositive matter because it would effectively impose a final judgment on Collins to pay the Government a sum certain. As such, the Opinion, as modified by this Opinion, is a recommendation to the District Court, not a final decision. 28 U.S.C. § (b)(1); Fed. R. Civ. P. 72(b). If either party objects or Collins objects to this recommendation, the objecting party must file objections in this case within fourteen days of the entry of this Opinion. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Upon resolution of any objections, the District Court will enter a final judgment. The request for a stay is premature until the judgment is entered.

WHEREFORE, the Motions to Reconsider (d/e 147 & 153) are ALLOWED in part, and a Motion for Stay (d/e 158) is DENIED as

premature. The Court hereby modifies the Opinion entered December 19, 2011 (d/e 144) as follows: The United States' Motion for Turnover Order (d/e 98) and United States' Renewed Motion for Turnover Order (d/e 116) are ALLOWED in part. Third Party Respondent Steven R. Collins is ordered to turnover to the United States by May 31, 2012,

> (a) half the value of the lawn mower located on the Premises; and
>
> (b) the sum of $18,019.16, which represents $519.16 remaining in Kincaid's joint bank accounts with Collins, and $17,500.00 of Kincaid's equity in the Premises avoided as a fraudulent transfer pursuant to 28 U.S.C. §§ 3304(b)(1)(B) and 3306(a)(1).

The remainder of the Opinion entered December 19, 2011 (d/e 144), as modified by this Opinion, remains in full force and effect.

The parties are advised that any objection to this Opinion must be filed in writing with the Clerk of the Court within fourteen days after service of this Opinion. 28 U.S.C. § 636(b)(1). Failure to file a timely objection will constitute a waiver of objections on appeal. See Video Views, Inc. v. Studio 21, Ltd., 797 F.2d 538, 539 (7th Cir. 1986). See Local Rule 72.2.

ENTER: April 17, 2012

            *s/ Byron G. Cudmore*
           BYRON G. CUDMORE
    UNITED STATES MAGISTRATE JUDGE