E-FILED
Thursday, 27 September, 2018 05:07:04 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> PAUL KINCAID, ) <br> ) <br> Defendant, ) <br> ) <br> STEVEN R. COLLINS, ) <br> ) <br> Third Party Respondent. ) | Case No. 06-30073 |

OPINION

RICHARD MILLS, United States District Judge:

The Court scheduled an evidentiary hearing for September 21, 2018 at 2:00 p.m. The evidentiary hearing concerns the Government's motion for a Turnover Order, pursuant to 28 U.S.C. § 3304(b).

I.

On September 19, 2018, Third Party Respondent Steven R. Collins filed a motion to reschedule that hearing. The Third Party Respondent stated that due to circumstances out of his control, he was in no medical condition to attend the hearing  The Court denied the motion but permitted Third Party Respondent Steven R. Collins to appear by telephone. In the Text Order, the Court stated that

1

the case needed to move forward and the Parties could discuss how to proceed at the hearing.

According to a Clerk's Note entry on September 19, 2018, the Clerk contacted the Third Party Respondent and advised him of the Court's Text Order denying the motion to continue and permitting him to appear by telephone. The Third Party Respondent advised that he is unable to appear in person or by telephone. He is physically and mentally not capable of appearing in either manner. The Third Party Respondent stated he is on medications that affect his ability to concentrate. Moreover, he has been stalked and injured and is not able to participate even telephonically.

The Government was present at the hearing on September 21, 2018. The Clerk attempted to contact Mr. Collins on three separate occasions prior to the start of the hearing and was only able to leave voice mail messages. An additional attempt made after the start of the hearing also went to voice mail.

In a Text Order entered on July 18, 2018, the Court granted a previous motion to continue filed by the Third Party Respondent. The Court granted that motion in order to give the Third Party Respondent sufficient time to prepare for an evidentiary hearing following the Court's Opinion regarding the admissibility of testimony of potential witnesses. The Court directed the Parties to confer and agree on potential dates for an evidentiary hearing that are within 60 days or less.

The Third Party Respondent previously said 45 to 60 days are necessary to prepare.

Counsel for the Government states that she made four attempts to contact the Third Party Respondent—two on July 18, 2018 and two on July 19, 2018. Although the Third Party Respondent failed to answer, counsel left a message each time stating the Court had granted his motion to continue and he should contact the U.S. Attorney's Office's main line to confer on a hearing date. The Third Party Respondent did not call the U.S. Attorney's Office on July 18 or 19, 2018. The Government filed a Notice of Available Hearing Dates at 4:42 p.m. on July 20, 2018, stating that the Third Party Respondent had not returned counsel's calls. Because counsel was going to be out of the office the week of July 23, 2018, counsel contacted three of the Third Party Respondent's potential witnesses to inquire of their availability. The Government's Notice listed a number of potential dates, including September 21, 2018.

In his response, the Third Party Respondent stated he did not become aware of the Government's Notice of Available Hearing Dates until July 27, 2018. The Third Party Respondent acknowledged receiving four phone messages. The ones left on July 18, 2018 stated, "The Court has granted your request to reschedule the hearing. And instructed us to confer on a hearing date. Would you please contact me?" The Third Party Respondent states that none of the four messages advised

that the Government's counsel would be out of the office the week of July 23, 2018.

The Third Party Respondent states that on July 18, 2018, he mailed a letter to the Government stating he had received two phone messages and that he would be prepared to confer by phone or letter when he received the Court's Text Order on the matter. On July 20, 2018, the Third Party Respondent sent another letter in response to the four messages to the Government. The letter stated he would be prepared to confer more fully by letter after receiving the Court's Text Order. He further stated that he is seeking to set a hearing date of September 20, 21, 26th, 27th, or 28th, in order to resolve issues prior to the hearing.

Upon receiving the Third Party Respondent's response, the Court reset the hearing from September 12, 2018 to September 21, 2018.

## II.

The Court has discussed the recent proceedings in terms of scheduling. It is also worth noting there have been a number of continuances in the thirteen months since the Government presented its evidence at a hearing. Following the Government's filing of its position statement on May 26, 2017, and its presentation of evidence on August 22, 2017, the Court allowed the Third Party Respondent approximately two months to attempt to obtain counsel and respond to the Government's position statement. Subsequently, the Third Party Respondent

requested a continuance of the October 24, 2017 date, and the matter was reset for December 12, 2018. The Third Party Respondent requested a continuance, which was granted. The Court stated a hearing would be set when the Third Party Respondent filed a position statement.

On February 7, 2018, the Third Party Respondent filed his position statement. The evidentiary hearing was set for May 10, 2018. At the request of the Government, the hearing was reset for May 17, 2018. The Third Party Respondent requested a continuance so that he could subpoena witnesses. On May 14, 2018, the Third Party Respondent moved to continue the evidentiary hearing in order to submit a request to his employer for time off 21 days in advance of the date requested. The Third Party Respondent did not name his employer or provide a statement that advance notice of 21 days was required. The Court granted the Third Party Respondent's request and rescheduled the hearing for June 14, 2018.

On May 16, 2018, the Government filed a motion for discovery of the Third Party Respondent's witness list and a short statement of the witness's expected testimony. The Court granted the motion and the hearing remained set for June 14, 2018.

On May 18, 2018, the Third Party Respondent filed an amended motion to reschedule the evidentiary hearing in order to allow him to subpoena witnesses and to submit their names in accordance with the applicable rules. On June 6, 2018,

5

the Third Party Respondent's motion was granted and the hearing was reset for June 28, 2018.

On June 14, 2018, the Petitioner moved to reschedule the hearing so that he had sufficient time to subpoena witnesses and also to provide the requisite notice to his unnamed employer. On June 19, 2018, the Third Party Respondent filed a combined motion for an extension of time in which to respond to the Government's motion in limine, for leave to reply to the Government's response to his motion for sanctions and leave to reply to the Government's additional objection to Third Party Amended Evidentiary List and motion in limine as to Interim U.S. Attorney John Childress. The Court granted the combined motion in part and extended the deadlines to file certain of the pleadings. The Court further noted this necessitated continuing the June 28 evidentiary hearing and, therefore over the Government's objection, the evidentiary hearing was continued to July 19, 2018.

On July 5, 2018, the Third Party Respondent moved to reschedule the evidentiary hearing because he was scheduled to work on July 19, 2018. On July 11, 2018, the Court granted the request and reset the hearing for July 20, 2018, based on documentation provided by the Third Party Respondent that showed he was not working on that date.

On July 16, 2018, the Court entered its Opinion ruling on various motions. It was then that the Court granted the Third Party Respondent's motion to continue, canceled the July 20, 2018 evidentiary hearing and directed the parties to confer regarding agreeable dates for such a hearing. Eventually, the evidentiary hearing was set for September 21, 2018.

The Seventh Circuit's Mandate issued on March 28, 2017, wherein that court vacated the Turnover Order and remanded the matter to this Court for further proceedings. The Seventh Circuit held that the Court erred by resolving multiple factual disputes in ordering the Third Party Respondent to turn over assets without holding an evidentiary hearing, as required under Ill. S. Ct. R. 277(e). Soon thereafter, the Court set the matter for an evidentiary hearing, in compliance with the Seventh Circuit's Order.

The Third Party Respondent filed multiple motions to continue the evidentiary hearing. On August 18, 2017, for example, he sought a continuance of approximately three months and/or leave to file an opposition brief approximately two months later. An evidentiary hearing was held on August 22, 2017, at which the Government presented its evidence. As the Court earlier noted, the Third Party Respondent was granted an extension of

7

approximately two months to obtain counsel. The Court has recited the procedural history since that setting.

III.

The record shows that there have been numerous continuances for various reasons, most of which were requested by the Third Party Respondent, since the Government presented evidence thirteen months ago. Some of the continuances were over the Government's objection. As the record reflects, the Court has consistently attempted to accommodate the Third Party Respondent.

In the Text Order denying the Third Party Respondent's motion to continue the September 21, 2018 hearing, the Court noted that the case needs to move forward and that the Third Party Respondent could appear by telephone so that the parties could discuss how to proceed. As previously noted, the Third Party Respondent advised the Clerk that he is no condition to be present or participate by telephone.

On September 24, 2018, the Third Party Respondent filed a motion to continue and a declaration. The receipt shows that the documents were mailed on September 22, 2018, at 11:31 a.m. In support of the motion, the Third Party Respondent states he is preparing to file with the local circuit court an order of stalking. He states he has 20 or more incident complaints to file. The Third Party

Respondent claims that he needs a 45 to 60 day continuance to accomplish the legal issues relating to securing his safety against these "thugs." He says that one individual was arrested and he understands more arrests are to follow. Apparently, the individuals who attacked him are victims of the Defendant, Paul Kincaid, who was sentenced to 360 months imprisonment over ten years ago, and/or their friends or associates.

The issues related to individuals who stalked or assaulted the Third Party Respondent are not matters for this Court. Those are matters for the local police. It appears that the local police are taking appropriate action against those individuals. However, those issues are outside the scope of this proceeding and would not have prevented the Third Party Respondent from participating in a hearing by telephone.

In a detailed declaration that was prepared at some point between the hearing on the afternoon of September 21, 2018, and 11:31 a.m. on September 22, 2018 when the motion to continue and declaration were mailed via next day service, the Third Party Respondent stated that he could not participate in the hearing. He claims that on September 11, 2018, he was viciously attacked by individuals who are part of a group that has been stalking him. The Third Party Respondent claims that he suffered two significantly painful shoulder injuries. Due to a previous attack in 2015, the Third Party Respondent says he takes three

prescription medications, and he was recently prescribed Lorazepam. The Third Party Respondent states that because of these medications, he has difficulty concentrating and experiences significant fatigue. Moreover, he is in significant pain and under stress due to being stalked and having been battered. The Third Party Respondent told the Clerk he could not participate in a hearing at this time. He states that he slept most of the day on September 21, 2018, and assumed that the Court granted his request to continue the hearing.

The Court believes that if the Third Party Respondent could prepare a motion to continue and a declaration detailing recent attacks by individuals, discuss his medical condition, medication and side effects and mail those pleadings to the Court less than 24 hours after the hearing, he could have participated in the hearing by telephone.

In the Mandate entered on March 6, 2017, the Seventh Circuit stated that "the district court erred by resolving disputed facts without conducting an evidentiary hearing." *See* Doc. No. 188, at 7. Accordingly, the Court conducted an evidentiary hearing on August 22, 2017. Because the Third Party Respondent was not prepared to present evidence on that date, the Court granted a continuance so that the Third Party Respondent could obtain counsel. When he was unable to obtain counsel, the Court granted another continuance and allowed the Third Party Respondent sufficient time to file a position statement before setting the matter for

an evidentiary hearing. As the record reflects, the Court has since granted several continuances.

The record reflects that whenever a hearing date approaches, the Third Party Respondent requests a continuance. He often seeks a continuance of 45 or 60 days. The Court does not believe that the Third Party Respondent intends to present evidence at a hearing. In any event, the Court held a hearing on August 22, 2017. The Government presented evidence and the Third Party Respondent had an opportunity to present evidence. Since then, the Court has granted continuance after continuance. The Third Party Respondent has had thirteen months since the last hearing in which to present evidence. It has become apparent that he seeks only to delay a hearing—perhaps in perpetuity.

Because the Parties have filed position statements and an evidentiary hearing has been held, the Court finds that the record is sufficient to consider the Government's motion for a Turnover Order. In addition to their Position Statements, there have been numerous other filings—almost 90, in fact—since the Mandate. Accordingly, the Parties have had ample opportunity to present their positions on paper and in Court.

At the hearing on September 21, 2018, the Government was granted leave to file a summary of the evidence by October 19, 2018. The Third Party Respondent may also file a summary of evidence by October 19, 2018.

Ergo, the Motion of Third Party Respondent Steven R. Collins to Reschedule the Evidentiary Hearing [d/e 274] is DENIED.

The Parties may file Summaries of the Evidence by October 19, 2018.

ENTER: September 26, 2018

FOR THE COURT:

/s/ *Richard Mills*
Richard Mills
United States District Judge